UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BYRD,

  Petitioner,       Case. No. 21-cv-10926

v.            HON. MARK A. GOLDSMITH

BRYAN MORRISON,

  Respondent.
_____/

**OPINION & ORDER**
**(1) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,**
**(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3)**
**DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

  Petitioner Gerald Byrd, confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his pro se application, Petitioner challenges his conviction and sentence for second-degree murder, Mich. Comp. L. § 750.317, and possession of a firearm in the commission of a felony (felony-firearm), Mich. Comp. L. § 750.227b.

  Petitioner filed his habeas petition on April 7, 2021 (Dkt. 1).  On November 5, 2021, Respondent filed an answer to the petition (Dkt. 12).  As part of the answer, Respondent argues that the case should be dismissed on the ground that the petition was not timely filed.  See id. On December 17, 2021, Petitioner filed a reply to Respondent's answer (Dkt. 14).

  For the reasons stated below, the Court dismisses the petition as time-barred.  The Court also declines to issue Petitioner a certificate of appealability and leave to appeal in forma pauperis.

**I. BACKGROUND**

Petitioner was charged with first-degree murder and felony-firearm.

On March 3, 2008, Petitioner pleaded guilty to a reduced charge of second-degree murder and to the felony-firearm charge in the Wayne County Circuit Court.  The prosecutor agreed to dismiss the first-degree murder charge and agreed that Petitioner would receive a sentence of 21 to 40 years in prison on the second-degree murder conviction.

Prior to sentencing, Petitioner, through his defense counsel, filed a motion to withdraw the plea, which was denied on March 20, 2008.  See Dkt. 13-4.

On April 7, 2008, Petitioner was sentenced to 21 to 40 years in prison on the second-degree murder conviction and received a consecutive two-year sentence on the felony-firearm conviction. See Dkt. 13-5.

Direct review of Petitioner's conviction ended in the Michigan courts on October 26, 2009, when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals.  People v. Byrd, 773 N.W.2d 699 (Mich. 2009).

On July 28, 2010, Petitioner filed a post-conviction motion for relief from judgment with the state trial court pursuant to M.C.R. 6.500, et. seq., which was denied by the trial court.  People v. Byrd, No. 07-034748-01-FC (Wayne Cty. Cir. Ct., Feb. 28, 2011) (Dkt. 13-8).  The Michigan Court of Appeals denied Petitioner leave to appeal.  People v. Byrd, No. 307167 (Mich. Ct. App. May 21, 2012) at PageID.846 (Dkt. 13-16).  Petitioner attempted to file an application for leave to appeal to the Michigan Supreme Court, but it was rejected as untimely for being filed beyond the 56-day time period to file an application with the Michigan Supreme Court.[1]

Petitioner filed a second or successive motion for relief from judgment on April 8, 2019. Petitioner raised in this motion the substance of his first claim, namely, that he was constructively

---

[1] See People v. Byrd, No. 307167, https://www.courts.michigan.gov/c/courts/coa/case/307167.

denied the assistance of counsel at his plea withdrawal hearing because his attorney was laboring under a conflict of interest in arguing the motion. Petitioner was accusing his trial counsel of legal malpractice. The judge denied the motion as being barred by M.C.R. 6.502(G), which prohibits a successive motion for relief from judgment from being filed unless there is a retroactive change in the law or newly discovered evidence. The judge further rejected Petitioner's argument that his claim was newly discovered because he only obtained the transcript from the plea withdrawal hearing in 2018. People v. Byrd, No. 07-034748-01-FC (Wayne Cty. Cir. Ct., June 27, 2019) (Dkt. 13-11). The Michigan appellate courts denied leave to appeal. People v. Byrd, No. 350504 (Mich. Ct. App. Oct. 31, 2019); People v. Byrd, 951 N.W.2d 900 (Mich. 2020).

Petitioner filed two additional successive post-conviction motions for relief from judgment with the trial court on October 7, 2020 (Dkt. 13-12) and November 24, 2020 (Dkt. 13-13), in which he raised his claim that he is actually innocent of a prior misdemeanor conviction for assault and battery, which was used to enhance his sentence. There is no indication whether these motions have been adjudicated either by the trial or appellate courts.

Petitioner's habeas petition, at issue here, is signed and dated April 7, 2021.[2]

## II. DISCUSSION

### A. Legal Standard

Respondent argues in his answer that Petitioner's habeas petition should be dismissed because it is barred by the one-year statute of limitations. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." Harris v.

---

[2] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on April 7, 2021, the date that it was signed and dated. See Towns v. U.S., 190 F.3d 468, 469 (6th Cir. 1999).

New York, 186 F.3d 243, 250 (2d Cir. 1999); see also Cooey v. Strickland, 479 F.3d 412, 415–

416 (6th Cir. 2007); Elliott v. Mazza, No. 18-6106, 2019 WL 1810920, at *1–*2 (6th Cir. Jan. 8,

2019) (denying petitioner's request for a certificate of appealability where the district court

properly dismissed petition on statute-of-limitations grounds under Habeas Rule 4).

      The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat.

1214 (AEDPA) applies to all habeas petitions filed after the Act's effective date, April 24, 1996,

and imposes a one-year limitations period for habeas petitions. 28 U.S.C. § 2244(d)(1).

Petitioner's habeas petition was filed after April 24, 1996. Therefore, the provisions of the

AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v. Murphy,

521 U.S. 320, 337 (1997).

      Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) states:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A habeas petition filed outside the time period prescribed by this section must be dismissed.

See Isham v. Randle, 226 F.3d 691, 694–695 (6th Cir. 2000), overruled on other grounds, Abela

v. Martin, 348 F.3d 164, 172–173 (6th Cir. 2003); see also Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012).

**B. Petitioner's Habeas Petition Is Untimely Under the Statute**

The Michigan Court of Appeals affirmed Petitioner's conviction on direct review on May 20, 2009.  People v. Byrd, No. 291445 (Mich. Ct. App. May 20, 2009) at PageID.775) (Dkt. 13-14).  The Michigan Supreme Court denied Petitioner's application for leave to appeal on October 26, 2009.  People v. Byrd, 773 N.W.2d 699 (Mich. 2009).

If a habeas petitioner appeals to the Michigan Supreme Court but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires.  The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court.  See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009); see also Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."  Sup. Ct. R. 13.  Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, Petitioner's judgment became final, for the purpose of commencing the running of the one-year limitations period, on January 24, 2010.  See Grayson v. Grayson, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).  Absent equitable or statutory tolling, Petitioner had until January 24, 2011, to timely file his habeas petition.

Petitioner filed his first post-conviction motion for relief from judgment with the state court on July 28, 2010, after 184 days had run under the one-year limitations period.  28 U.S.C. §

2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute.  See McClendon v. Sherman, 329 F.3d 490, 493–494 (6th Cir. 2003).  The Michigan Court of Appeals denied Petitioner's post-conviction appeal on May 21, 2012.  Petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court.  Under M.C.R. 7.302(C)(3), which was in effect at the time of Petitioner's first post-conviction motion, Petitioner would have had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court following the denial of any appeal by the Michigan Court of Appeals.  Rice v. Trippett, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999).  Giving Petitioner the benefit of the doubt, tolling of the one-year limitations period would have ended, pursuant to § 2244(d)(2), on July 16, 2012, the last day on which Petitioner could have filed a delayed application for leave to appeal with the Michigan Supreme Court.  See McMurray v. Scutt, 136 F. App'x 815, 817 (6th Cir. 2005).  Petitioner had 181 days remaining under the statute of limitations, or until January 14, 2013, to file his petition with this Court.

Petitioner filed successive motions for relief from judgment in 2019 and 2020, long after the one-year limitations period expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled.  See Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003); see also Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).  Petitioner's second and third post-conviction motions, which were filed in the state court after the expiration of limitations period, did not toll the limitations period.  See Parker v. Renico, 105 F. App'x 16, 18 (6th Cir. 2004).

Petitioner's second motion for relief from judgment would not toll the limitations period for a second reason.

The Sixth Circuit has ruled that a habeas petitioner's second or successive motion for relief from judgment that is rejected by the state courts pursuant to M.C.R. 6.502(G), as Petitioner's second motion was, does not qualify as a properly filed application for post-conviction relief that tolls the limitations period pursuant to 28 U.S.C. § 2244(d)(2).  See Williams v. Birkett, 670 F.3d 729, 733 (6th Cir. 2012).  The Sixth Circuit has also ruled that appeals from the denial of a successive motion for relief from judgment likewise do not toll the limitations period. Bey v. Capello, 525 F. App'x 405, 409 (6th Cir. 2013).

Petitioner argues that he has newly discovered evidence in support of his claims that would delay the commencement of the limitations period.  Petitioner argues that his first claim, that trial counsel was laboring under a conflict of interest when he argued Petitioner's motion to withdraw his plea, is based on newly discovered evidence because he did not learn until 2012 that the plea withdrawal hearing had not been transcribed and he only received the transcript in 2018. Regarding his second claim, Petitioner argues that he has newly discovered evidence that he was innocent of the prior assault and battery charge used to enhance his sentence because he received affidavits from his grandmother—the victim in the assault and battery case—and his brother, claiming that the grandmother's allegation that Petitioner pushed her down at the Eastland Mall was false.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner.  See Ali v. Tenn. Bd. of Pardon & Paroles, 431 F.3d 896, 898 (6th Cir. 2005).  However, the time commences under § 2244(d)(1)(D) when the factual

predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner.  Redmond v. Jackson, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003).  Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance.  Id.  In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim."  Redmond, 295 F. Supp. 2d at 771.  "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits."  Id. at 772.  Lastly, newly discovered information "'that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D).'"  Jefferson v. United States, 730 F.3d 537, 547 (6th Cir. 2013) (quoting Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)).

Petitioner claims that he only learned in July of 2012 that the plea withdrawal transcript had not been transcribed or provided to him by appellate counsel.  The transcript was not prepared until August of 2018 and was received by Petitioner in November of 2018.  Pet. at PageID.38–39. In rejecting Petitioner's argument that this transcript constituted newly discovered evidence that would permit him to file a successive motion for relief from judgment, the judge concluded that Petitioner did not show due diligence in attempting to obtain this plea withdrawal transcript prior to filing his first motion for relief from judgment in 2010.  See Dkt. 13-11 at PageID.685–686.

8

Petitioner did not act with due diligence in attempting to locate the plea withdrawal transcript prior to filing his first motion for relief from judgment in 2010. Moreover, although he claims that he made some attempts to have the plea withdrawal hearing transcribed after discovering in 2012 that it had not been transcribed, he does not detail these efforts nor argue convincingly why it took him six years to obtain this transcript. Although Petitioner claims that he was misled by his appellate attorney into believing that the entire court record had been sent to him, Petitioner had been present at the plea withdrawal hearing on March 20, 2008, and should have been aware when he received his transcripts from his appellate attorney that the hearing had not been transcribed. Petitioner could have filed his first motion for relief from judgment and then asked for the plea withdrawal hearing to be transcribed. Petitioner should also have been aware of the factual predicate of his claim that trial counsel labored under an alleged conflict of interest at the plea withdrawal hearing prior to the filing of his first post-conviction motion. Petitioner has not shown either that the plea withdrawal transcript was necessary for him to discover the factual predicate of his claim that he was denied conflict-free counsel at the plea withdrawal hearing or that he exercised due diligence in obtaining it. Therefore, the running of the limitations period would not be delayed pursuant to § 2244(d)(1)(D). See Hill v. Turner, No. 21-4035, 2022 WL 17411278, at *2 (6th Cir. May 17, 2022), cert. denied, 143 S. Ct. 494 (2022).

Regarding his second claim, Petitioner argues that he has newly discovered evidence to support his claim that he is actually innocent of the prior assault and battery conviction in the form of affidavits signed by his grandmother, Marion Hines, in which she recants the allegation, and from his brother, Roy Byrd. Roy Byrd's affidavit is signed June 15, 2020. Byrd Aff. at PageID.116–117 (Dkt. 1-1). Ms. Hines' affidavit is signed April 27, 2017. Hines Aff. at PageID.119–120 (Dkt. 1-1).

9

Petitioner does not state the date he learned that his grandmother agreed to recant her allegation against him or the date that his brother claimed that their grandmother's allegation against Petitioner was false.  Petitioner failed to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," thus, Petitioner does not meet his burden of establishing that his grandmother's or brother's affidavits were newly discovered evidence which would delay the commencement of the one-year limitations period.  See McSwain v. Davis, 287 F. App'x 450, 454–455 (6th Cir. 2008).  This Court rejects Petitioner's contention that the factual predicate for his claim could not have been discovered sooner because his argument is unsupported and conclusory.  See Grayson, 185 F. Supp. 2d at 750.

### C. Petitioner Is Not Entitled to Equitable Tolling

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition.  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts."  See Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one-year limitations period.  Id.

Petitioner argues that he is entitled to equitable tolling of the limitations period because of his inability to obtain the plea withdrawal hearing transcript from appellate counsel or from the state courts prior to 2018.

"Standing alone . . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling." Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750–751 (6th Cir. 2011).  A habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from commencing post-conviction proceedings in the state courts and would not equitably toll the limitations period for filing a petition for a writ of habeas corpus.  See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); Grayson, 185 F. Supp. 2d at 751–752.  "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." Grayson, 185 F. Supp. 2d at 752 (citing Gassler, 255 F.3d at 495).  Petitioner could have raised his claim involving the alleged conflict of interest of trial counsel in a timely manner in his first post-conviction motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcript.  Id.

In addition, equitable tolling is not called for in this case because, even without the plea withdrawal transcript, Petitioner was present at the plea withdrawal hearing and knew his grounds for relief.  Hall, 662 F.3d at 751; See also Lloyd v. Van Natta, 296 F.3d 630, 633–634 (7th Cir. 2002) (holding unavailability of complete trial transcript did not warrant equitable tolling of the limitations period for filing a habeas petition which alleged prosecutorial misconduct in the closing argument, where the petitioner was at the trial and knew the basis on which he could have asserted prosecutorial misconduct).  Petitioner is not entitled to equitable tolling on this basis.

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in Schlup v. Delo, 513 U.S. 298 (1995). McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]"  Id.  "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting

11

reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup, 513 U.S. at 329).  Moreover, in determining whether petitioner makes out a compelling case of actual innocence so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." Id. (quoting Schlup, 513 U.S. at 332).  For an actual innocence exception to be credible under Schlup, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged.  See Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005).  Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition, as well as the prior assault and battery charge.  See Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

**D. Petitioner Not Entitled to a Certificate of Appealability**

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases.  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. <u>Id</u>.

The Court declines to issue Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. <u>See</u> <u>Grayson</u>, 185 F. Supp. 2d at 753. The Court will also deny Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. <u>See</u> <u>Dell v. Straub</u>, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

### III. CONCLUSION

The Court concludes that Petitioner failed to file his habeas petition within the applicable statute of limitations period. Accordingly, the Court dismisses the petition pursuant to 28 U.S.C. § 2244(d) and denies with prejudice Petitioner's request for habeas relief. The Court declines to issue Petitioner a certificate of appealability. Petitioner is denied leave to appeal in forma pauperis.

SO ORDERED.

Dated: April 18, 2024                               s/Mark A. Goldsmith
     Detroit, Michigan                       MARK A. GOLDSMITH
                                            United States District Judge